UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERALD WILLIAMS,
        Petitioner,

v.                                              Case No. 08C1096

PHIL KINGSTON,[1] Warden,
Waupun Correctional Institution,
        Respondent.

## ORDER

On December 15, 2008, petitioner Gerald Williams filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first degree reckless homicide and possession of a firearm contrary to injunction. He was sentenced to twenty-five years imprisonment and ten years of extended supervision, and is currently incarcerated at Waupun Correctional Institution. As grounds for relief, petitioner asserts three claims: that the trial court erred by allowing the prosecutor and witnesses to refer to the decedent as "the victim"; that the trial court improperly admitted hearsay evidence in violation of petitioner's Confrontation Clause rights; and that the trial court violated petitioner's constitutional rights by improperly dismissing a juror without a reasonable basis. Petitioner also filed a motion to stay this case pending exhaustion of other unexhausted claims in the state courts.

---

[1] Pursuant to Rule 2 of the Rules Governing § 2254 Cases, I have amended the caption of this case to name as respondent the state officer who has custody of the petitioner.

The Supreme Court has cautioned that stay and abeyance should be available only in limited circumstances. Rhines v. Weber, 544 U.S. 269, 276 (2005). Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Id.

In the present case, petitioner did not include in the petition the claims he is currently exhausting in the state courts, but merely set forth a very brief and unilluminating summary of them in his motion to stay. Without more information regarding what the unexhausted claims are and the factual basis for each claim, I cannot determine whether these claims set forth colorable constitutional claims. Additionally, petitioner's motion to stay does not set forth any "good cause" for failing to fully exhaust his claims prior to filing his federal petition; in fact, it does not even mention the reason for such failure. In light of these inadequacies, I will order petitioner to file an amended habeas petition which sets forth all claims petitioner wishes to assert in his federal habeas action, including the exhausted claims listed in his original petition as well as the unexhausted claims petitioner is currently pursuing in state court, and the facts supporting each claim. I have enclosed the appropriate habeas petition form for petitioner's use in this regard. Additionally, petitioner shall file a supplemental brief in support of his motion to stay setting forth good cause for filing his federal habeas petition prior to fully exhausting his claims in state court.

As a final matter, petitioner recently filed two additional motions: a motion to proceed in forma pauperis, and a motion to appoint counsel. Petitioner has already paid the $5 filing fee in this case, and therefore I will deny his motion to proceed in forma pauperis as moot. Regarding the motion to appoint counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982).

In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. Jackson, 953 F.2d at 1072-73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, I may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the

3

indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

Jackson, 953 F.2d at 1072.

In this case, petitioner has provided some evidence demonstrating that he has made efforts to secure counsel on his own. Additionally, the information contained in his application to proceed in forma pauperis indicates that he is indigent and therefore financially eligible for appointment of counsel. However, given that the case is at the pre-screening stage and there is a motion to stay pending, I conclude that appointing counsel would be premature. Thus, I will deny petitioner's motion to appoint counsel without prejudice.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order, petitioner shall file an amended habeas petition and a supplemental brief in support of his motion to stay as discussed above.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 22 day of April, 2009.

/s
LYNN ADELMAN
District Judge

4

Case 2:08-cv-01096-LA   Filed 04/22/09   Page 4 of 4   Document 5