UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERALD WILLIAMS,
        Petitioner,

v.                                                                   Case No. 08C1096

MICHAEL THURMER,[1] Warden,
Waupun Correctional Institution,
        Respondent.

## ORDER

On December 15, 2008, petitioner Gerald Williams filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first degree reckless homicide and possession of a firearm contrary to injunction. He was sentenced to twenty-five years imprisonment and ten years of extended supervision, and is currently incarcerated at Waupun Correctional Institution.

Subsequent to filing his petition, petitioner filed a motion to stay his case while he exhausted additional claims in the state courts. After reviewing this motion, I concluded that petitioner had not set forth enough information in his motion to stay to enable me to decide the issue, and therefore I ordered him to submit additional information. However, instead of doing so, petitioner filed a motion to withdraw his motion to stay and to appoint counsel. As petitioner is withdrawing his motion to stay and wishes to proceed with his case, I will terminate the motion to stay and screen the habeas petition.

---

[1] Pursuant to Rule 2 of the Rules Governing § 2254 Cases, I have amended the caption of this case to name as respondent the state officer who has custody of the petitioner.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, petitioner sets forth three grounds for relief. First, he asserts that the trial court erred when it allowed the prosecutor and witnesses to refer to the decedent as "the victim." Petitioner claims that this error prejudiced his only defense–that the decedent was actually the aggressor, and petitioner was only acting in self-defense. Habeas relief can be appropriate if evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial. Anderson v. Sternes, 243 F.3d 1049, 1053 (7th Cir. 2001). Thus, petitioner has stated a colorable constitutional claim in this regard. Second, petitioner asserts that the trial court wrongfully admitted hearsay evidence attributed to the decedent in violation of petitioner's confrontation rights under the Sixth Amendment. This states a plausible claim under the Confrontation Clause, which bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004). Finally, petitioner asserts that the trial judge violated his Sixth Amendment right to a fair and impartial jury by dismissing a juror based upon an unreasonable conclusion of bias. Thus,

petitioner presents colorable constitutional issues and I will not dismiss his petition at this time.

As noted above, petitioner has also filed a motion for counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982).

In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. Jackson, 953 F.2d at 1072-73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, I may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

Jackson, 953 F.2d at 1072.

In the present case, I conclude petitioner has failed to submit documentation showing a reasonable effort to obtain counsel on his own. Petitioner submitted three letters from different attorneys declining representation, but these letters all appear to have been in response to a request for representation in petitioner's state appeal. Thus, I see no evidence suggesting that petitioner has attempted to retain counsel for his habeas case, and I will therefore deny petitioner's motion for counsel without prejudice.

**THEREFORE, IT IS ORDERED** that Michael Thurmer is substituted as respondent in this case.

**FURTHER, IT IS ORDERED** that petitioner's motion to stay is **TERMINATED** pursuant to petitioner's request to withdraw said motion.

**FURTHER, IT IS ORDERED** that petitioner's motion for counsel is **DENIED** without prejudice.

**FURTHER, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief

within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Michael Thurmer and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin this 24 day of July, 2009.

/s
LYNN ADELMAN
District Judge