# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GERALD WILLIAMS**
           **Petitioner,**

    v.                                               **Case No.08C1096**

**MICHAEL THURMER, Warden,**
**Waupun Correctional Institution,**
           **Respondent.**

## ORDER

Petitioner Gerald Williams renews his motion to appoint counsel. This is the third time he has moved the court to appoint counsel. The first time I denied the motion concluding that appointing counsel would be premature because the case was at the prescreening stage and there was a motion to stay pending. After withdrawing the motion to stay, Williams again moved to appoint counsel. Again I denied the motion because I concluded he failed to submit documentation showing a reasonable effort to obtain counsel on his own. Williams now submits copies of six letters he sent out to attorneys seeking representation.

The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil

cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982).

In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. Jackson, 953 F.2d at 1072-73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, I may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

Jackson, 953 F.2d at 1072.

The six letters Williams submits are dated July 29, 2009. Seeing as this August 3, 2009 motion only gave the attorneys and the post office two working days to respond, Williams unsurprisingly did not attach three letters from different attorneys declining representation. Williams states that he is worried that he will be unable to prepare his brief for the upcoming deadline without representation. However, given that the respondents have not yet filed an answer, I believe that it is premature to worry about that deadline. Petitioner should wait to renew his motion to appoint counsel until his letters are received and the attorneys respond.

I therefore deny petitioner's motion for counsel without prejudice. Williams should wait to refile his motion until he has at least three letters declining representation.

**THEREFORE, IT IS ORDERED** that petitioner's motion for counsel is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 7 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge