# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GERALD WILLIAMS**
        **Petitioner,**

    v.                                                         **Case No.08C1096**

**MICHAEL THURMER, Warden,**
**Waupun Correctional Institution,**
        **Respondent.**

## ORDER

      Petitioner Gerald Williams filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. I previously denied petitioner's motion for appointment of counsel. Instead of filing a brief in support of his petition, he filed a one page letter explaining that he is unable to formulate any arguments and cannot compete with the experience and skills of defendant's counsel. To the extent this is an attempt to move for appointment of counsel, I will deny it for the reasons explained in my previous orders.

      Review of the record indicates that petitioner should have filed his brief January 15, 2010. He has not filed anything in support of his petition. I will provide petitioner another opportunity to file a brief and set a new schedule. Petitioner is warned that this action may be dismissed with prejudice for lack of prosecution, pursuant to Civil L. R. 41(c) (E.D. Wis.) (copy enclosed) and Fed. R. Civ. P. 41(b), unless he files his brief within the time allotted.

      Therefore

**IT IS ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall file his brief in support of his petition on or before June 4, 2010, (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 15 day of April, 2010.

/s_____
LYNN ADELMAN
District Judge

**Civil L.R. 41(c) Dismissal for Lack of Diligence**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 21 days.

**Federal Rule of Civil Procedure 41(b) Involuntary Dismissal; Effect**.

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.